**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DEBORAH LANDRITH,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PEKIN MEMORIAL HOSPITAL,  )<br>)<br>Defendant.  ) | No. 05-1018 |

**O P I N I O N   A N D   O R D E R**

Before the Court is Defendant's Motion to Dismiss (Doc. 24) and accompanying Memorandum (Doc. 25) filed on January 24, 2007. Plaintiff filed a Response (Doc. 28) on February 22, 2007. For the following reasons, Defendant's Motion to Dismiss is GRANTED.

**BACKGROUND**

Plaintiff is the relator in this *qui tam* suit brought under the False Claims Act, 31 U.S.C. § 3729, against Pekin Memorial Hospital (the "Hospital"). Plaintiff alleges in the Complaint (Doc. 1) and Amended Complaint (Doc. 21) that the Hospital submitted false claims to the government's Medicaid program to increase the amount of money the Hospital received as reimbursement for services it provided to Medicaid beneficiaries. Specifically, the Complaint alleges that the Hospital: (1) Miscoded "preoperative testing" for outpatients as

diagnostic tests (Count 1 and 7); (2) Miscoded routine tests for prostate specific antigen ("PSA"), a non-covered procedure for Medicaid beneficiaries under age 50, as a covered procedure to diagnose for an enlarged prostate (Count 2); (3) Miscoded routine mammograms to indicate diagnostic examination for a lump in the breast (Count 3); and (4) Signed unauthorized signatures of Hospital employees to the Medicare forms (Count 4). Plaintiff's also makes additional common law claims that are not the subject of the Motion to Dismiss before the Court.

The Court notes that it took nearly two years for the United States to decline to intervene in this *qui tam* action. (See Doc. 15.)  As a result, even though this case is over two years old, it is still at the initial pleading stage of litigation.  Now, Defendant has moved to dismiss under Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must view the Complaint in the light most favorable to the plaintiff and the Complaint's well-pled factual allegations must be accepted as true.  Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995).  Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted.  Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-

30 (7th Cir. 1996).  However, the Court is not bound by a plaintiff's legal conclusions.  Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994).  The province of Rule 12(b)(6) motions is to question the availability of a legal formula justifying relief on the alleged facts, not to test or determine the facts themselves.  Maple Lanes, Inc. v. Messer, 196 F.3d 823, 824-25 (7th Cir. 1999).

**ANALYSIS**

Jurisdiction in this Court is based upon federal claims which Plaintiff brings under the False Claims Act.  31 U.S.C. § 3729.  Defendant seeks to dispose of Plaintiff's federal claims by arguing that Plaintiff has not satisfied the specificity requirements of Federal Rule of Civil Procedure 9(b).  Defendant then seeks to get the remaining common law claims dismissed by suggesting that the Court not exercise supplemental jurisdiction over the remaining claims.

Federal Rule of Civil Procedure 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Defendant argues based upon United States ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002), that a complaint alleging violations of the False claims Act must state the following:

3

>     (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each statement and the person responsible for making (or, in the case of omission, not making same); (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

Defendant states that the Complaint falls short of this standard by alleging a generalized scheme, and fails to identify the amounts, dates or details of any specific claim ever submitted to the government.

While Defendant has the applicable law incorrect, even under the applicable law, Plaintiff does not sufficiently articulate the appropriate legal standard.

Under the applicable law, states of mind may be pleaded generally, while the "circumstances" must be pled in detail. This means "the who, what, when, where and how. . ." of the alleged fraudulent activity. <u>DiLeo v. Ernst & Young</u>, 901 F.2d 624, 627 (7th Cir. 1990). This does not mean that courts are looking for a novel, but simply the "first paragraph of any newspaper story." <u>Id.</u>

In practice, numerous district courts have allowed a more lenient standard in transactions that are complex or cover a long period of time. See <u>In re Eli Lilly & Co., Prozac Product Liability Litigation</u>, 789 F.Supp. 1448, 1456 (S.D.Ind. 1992); <u>Hurd v. Monsanto Co.</u>, 908 F.Supp. 604, 614 (S.D.Ind. 1995);

Terrell v. Childers, 836 F.Supp. 468, 475 (N.D.Ill. 1993); P & P Marketing Inc. v. Ditton, 746 F.Supp. 1354, 1364 (N.D.Ill. 1990).[1]  Neither party has put forward any appellate authority that affirms or rejects this common practice among our sister district courts.  Accordingly, this Court treads cautiously upon relaxing the Rule 9(b) standard.

In the case at bar, Plaintiff has met parts of the relevant 9(b) standard.  Plaintiff has sufficiently alleged what fraud occurred by detailing the "up-coded tests" involving outpatient mammograms, outpatient prostate tests and outpatient routine preoperative testing.  Plaintiff has sufficiently alleged when the fraud occurred.  Since the fraud allegedly occurred over a twenty year period involving "numerous" (Doc. 1 at ¶ 19) small acts of "up-coding", a more relaxed standard is appropriate and requiring individual dates of individual acts of fraud would create an unnecessarily lengthy complaint.  The location of the fraud is obvious, since the alleged fraud clearly occurred at the Hospital in question.  And, Plaintiff has sufficiently detailed how the fraud occurred by detailing how outpatient tests were up-coded in each category by the billing clerks upon direction by their supervisors.

---

[1] Neither party put forward any appellate authority that supported or rejected this common practice of the rele

However, there is a glaring deficiency in Plaintiff's Complaint. Plaintiff has not detailed who perpetuated the fraud in this case. Specifically, no "supervisors" are named in Plaintiff's complaint. Plaintiff argues that the names of individual people are not required and cites United States ex rel Pogue v. American Healthcorp, Inc., 977 F.Supp. 1329 (M.D.Tenn., 1997).

Pogue involves similar facts to the case at bar. A *qui tam* plaintiff brought an action against a health care provider alleging a scheme to defraud the government of Medicare and Medicaid monies. Despite not identifying the specific employees involved, the case was allowed to proceed based upon a description of a systematic scheme spanning twelve years. The Court noted that Sixth Circuit has stated in dicta that "it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." Id. (citing Michaels Bldg. Co. v. Ameritrust Co., 848 F.2d 674, 679 (6th Cir. 1988).

Plaintiff points to no such language from our Appellate Court. Instead, the language from the Seventh Circuit leads this Court to conclude that, at a minimum, Plaintiff must name the individuals allegedly involved in the fraud. See Hefferman v. Bass, 467 F.3d 596, 601 (7th Cir. 2006)("Rule 9(b) requires

6

that facts such as the identity of the person making the misrepresentation. . . be alleged in detail."). Likewise, even in the most complex cases where our sister district courts have adopted a more lenient standard, courts sanctioned the fraud allegations only when the plaintiffs included the identity of the individuals who made the misrepresentation. See In re Olympia Brewing Co. Securities Litigation, 674 F.Supp. 597, 620 (N.D.Ill. 1987); In re Catanella and E.F. Hutton and Co. Inc. Securities Litigation, 583 F.Supp. 1388, 1398 (E.D.Pa. 1984); Baselski v. Paine, Webber, Jackson & Curtis, Inc., 514 F.Supp. 535, 540 (N.D.Ill. 1981).  Accordingly, Plaintiff's Amended Complaint on its face does not adequately survive a Rule 9(b) challenge.

## ADDITIONAL PROBLEMS WITH COMPLAINT

In addition, Plaintiff's Amended Complaint (Doc. 21) is not a complete complaint but instead begins with Count VII and is drafted as a supplement to the Original Complaint (Doc. 1).  It is inappropriate for an amended complaint to supplement an original complaint since an amended complaint completely replaces the original and renders any prior complaint of no legal effect.  Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670 n. 2 (1982); Jackson v. Secretary of U.S. Treasury, 141 Fed. Appx. 8, 10 (2nd Cir. 2005).  Accordingly, the Court *sua sponte* strikes Plaintiff's Amended Complaint.  (Doc. 21.)

Since the deficiencies in Plaintiff's complaint are only related to inadequate pleading and Defendant has not successfully argued that Plaintiff has failed to state a claim, Plaintiff is granted leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) within 15 days.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is GRANTED with leave to file a Second Amended Complaint. Plaintiff is to file a Second Amended Complaint complying with the reasoning laid out in this Order within fifteen (15) days.

ENTERED this  14th  day of May, 2007.

                                          s/Joe Billy McDade
                                          Joe Billy McDade
                                    United States District Judge